UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| A FAMILY CHOICE CDS, LLC, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. 4:22-cv-00112 |
| | § | |
| MBP BARCELONA, LLC, | § | |
|     Defendant. | § | |

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff A Family Choice CDS, LLC, hereby files its Plaintiff's Motion for Leave to Amend Complaint and would respectfully show the Court as follows:

(1) Plaintiff filed its Original Verified Complaint (Dkt. No. 1) on or about February 14, 2022.

(2) This Court entered a Scheduling Order (Dkt. No. 18) on or about March 28, 2022.

(3) Pursuant to the Scheduling Order, the parties had a deadline of May 27, 2022, to file any motions requesting joinder of additional parties or amendments of pleadings.

(4) In the dates leading up to and in the period since the deadline referenced in paragraph 3 above, events have occurred which form the basis of new allegations. Plaintiff recites below these key factual allegations taken directly from paragraphs 28-30 of its proposed Amended Verified Complaint:

> When Defendant agreed not to evict Family Choice and the residents it serves unless and until this Court issued a ruling permitting such action, the parties advised the Court that a hearing on Plaintiff's motion for temporary restraining order would not be immediately necessary. However, since that point, Defendant has sought to force out Plaintiff and the residents it serves through a retaliatory campaign of constructive eviction. Defendant has refused to address routine maintenance issues at the apartments leased by Family Choice for months at a time, despite repeated requests that they do so, up to and including leaving holes and leaks in ceilings as well as air conditioning units unrepaired, with mold flourishing and intolerable heat issues as a result, and the like. None of these repair requests resulted from any outbursts or other problematic actions by Family Choice or

any of the residents it serves.  For example, a major leak in the bathroom of Apartment 1425 has not been repaired as of the date of this filing, despite requests for such repair dating as early as May 1, 2022—over a month and a half ago.  There is no electricity in Apartment 1322, despite requests for repair of the electrical system dating as early as May 18, 2022—over a month ago.  Half of the electrical sockets do not work and none of the overhead lights function, so the residents have had to move into another apartment.  Defendant has not fixed the air conditioning in Apartments 1322 and 1628, despite requests for repair of the relevant units more than 3.5 months ago (Apartment 1628) and more than a month ago (Apartment 1322) respectively, despite multiple further requests thereafter, and despite the fact that Texas has been swept with record heat waves.  *See, e.g.*, "How long will Texas have to endure the heat? 100-degree days in the forecast for Forth Worth," June 18, 2022, Fort Worth Star-Telegram, available at star-telegram.com/news/weather-news/article262574797.html (last reviewed on June 18, 2022).  Defendant has repeatedly ignored the requests for maintenance, despite the fact that it was its obligation to address such requests.  The situation has deteriorated to such a degree that HHSC has threatened to terminate its contract with Family Choice if it does not have the problems rectified.  Furthermore, although Family Choice finally regained access in May 2022, Defendant refused to allow it access to one of the apartments it leases for months, despite the fact that Family Choice has continued to pay the rent.  Even when Family Choice finally regained access, the maintenance crew took two doors from the apartment which it has not replaced to this day, despite requests to address this issue.  Together these actions threaten to force Family Choice and the residents it serves to leave the housing of their choice—the apartments in which they currently reside, which are operated by Defendant.

Defendant's wrongful retaliatory conduct constitutes a breach of its lease agreement, which, among other things, requires Defendant to "act with customary diligence to make repairs . . . ."

Defendant has also refused to renew the leases for Family Choice and the residents it serves, having provided notice that the existing leases will expire at various dates between July 26, 2022, and September 30, 2022, and that all residents must move out upon expiration of the applicable leases.  Defendant generally renews leases of its residents automatically.  Its determination not to renew the leases for Family Choice and the residents it serves, particularly in the factual context detailed in this Amended Verified Complaint, constitutes intentional discrimination and a conscious effort to deprive Family Choice and the residents it serves from enjoying and using the housing of their choice as a result of their disabilities and the manifestations arising from those disabilities.

(5) The notices of non-renewal referenced in paragraph 4 above were not provided until June 4, 2022, and thus more than a week after the deadline set in the Scheduling Order for motions to amend pleadings.

(6) In light of the fact that the events forming the factual basis of the proposed amendments to Plaintiff's Complaint arose either partly or completely after the deadline set in the Scheduling Order for motions to amend pleadings, Plaintiff respectfully contends that it has good cause for a motion to amend pleadings at this point, approximately a month after that deadline.

(7) The proposed amendments do not involve the joinder of any additional party and do not prejudice Defendant in this matter. They should have no effect on the remainder of the Scheduling Order.

(8) This Motion for Leave to Amend is not brought for purposes of delay.

In light of the foregoing, Plaintiff respectfully moves for leave to amend its complaint and requests that this Court enter an order that the clerk file the attached Amended Verified Complaint.

DATED: June 29, 2022

Respectfully submitted,

s/ Mark Whitburn
Mark Whitburn
Texas Bar No. 24042144
Sean Pevsner
Texas Bar No. 24079130
Whitburn & Pevsner, PLLC
2000 E. Lamar Blvd., Suite 600
Arlington, Texas 76006
Tel: (817) 653-4547
Fax: (817) 653-4477
mwhitburn@whitburnpevsner.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on June 29, 2022, on counsel of record for Defendant as follows:

Kenneth E. Grubbs
Law Office of Kenneth Grubbs
8000 IH-10 West, Suite 740
San Antonio, Texas 78230

David D. Ritter
Ritter Spencer PLLC
15455 Dallas Parkway, Suite 160
Addison, Texas 75001

s/ Mark Whitburn
Mark Whitburn

## CERTIFICATE OF CONFERENCE

I communicated with counsel of record by email on June 27, 2022, attaching the proposed Amended Verified Complaint and asking whether Defendant would oppose the foregoing Motion. While counsel for Defendant (Mr. Grubbs) responded to the email asking a question, he did not indicate whether he or his client would oppose the foregoing Motion. Consequently, in the absence of any direct indication regarding this point, Plaintiff must represent that the foregoing Motion is opposed.

s/ Mark Whitburn
Mark Whitburn

4